# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

No. 13-778V

Filed: November 7, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | Special Master Sanders |
| BRENDA THERIOT, | * | |
| | * | Attorneys' Fees and Costs; |
| Petitioner, | * | Reasonable Amount Requested. |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Brian R. Arnold, Brian R. Arnold & Associates, Dallas, TX, for Petitioner.
Althea W. Davis, United States Department of Justice, Washington, DC, for Respondent.

**DECISION**[1]

      On October 8, 2013, Brenda Theriot ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of an influenza ("flu") vaccine administered on October 12, 2010, she suffered from Stevens-Johnson Syndrome and fibromyalgia. *See* Stipulation for Award at ¶¶ 1-4, filed March 9, 2017. Petitioner further alleged that she experienced symptoms of this injury for more than six months. *Id.* at ¶ 4. On March 9, 2017, the undersigned issued a decision pursuant to the parties' Joint Stipulation on Damages. Decision, ECF No. 74.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On October 27, 2017, Petitioner filed a Motion for Leave to File Attached Petitioner's Motion and Request for Attorney's Fees and Costs Out of Time.  Pet'r's Mot. ("Motion"), ECF No. 79.  In the Motion, Petitioner requests that the undersigned entertain a late motion for fees.  *See* Vaccine Rule 13 (requiring that fees applications be filed within 180 days of judgment).  Petitioner stated that "[d]ue to an error or mistake in calendaring the deadline by Petitioner's counsel, Petitioner's counsel believed that the application was due by November 10, 2017, when in fact it was due on or before October 10, 2017."  *Id.* at 4.  Petitioner requested attorneys' fees in the amount of $56,886.06 and costs in the amount of $9,812.29.  ECF No. 79-3 at 5.  In the Response, Respondent "takes no position on [P]etitioner's motion for leave to file her petition for attorney's fees and costs out of time."  Resp't's Resp. at 1 (Nov. 1, 2017), ECF No. 80.  Furthermore, Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs.  *Id.* at 3.  Petitioner's counsel stated that he would not file a reply.  Informal Communication, docketed Nov. 7, 2017.  Therefore, this matter is now ripe for consideration.

The undersigned GRANTS Petitioner's counsel leave to file the fees application out of time.  Furthermore, the undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable.[3]  In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs.  **Accordingly, the undersigned hereby awards the following amount: $66,698.35, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Brian Arnold, of Brian R. Arnold & Associates.**[4]  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

---

[3] Petitioner's application for fees and costs, although unopposed, relies upon a proposed hourly rate for Petitioner's counsel, Brian Arnold, who practices in Dallas, Texas.  Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and I find that the total sum requested is reasonable under the circumstances.  Therefore, I do not reach the question of whether Mr. Arnold's hourly rate is reasonable.  This decision does not constitute such a determination.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master